UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KYNDRA FRAZIER,<br><br>Plaintiff,<br><br>v.<br><br>FCBC COMMUNITY DEVELOPMENT CORPORATION and MICHAEL WALROND,<br><br>Defendants. | Case No.: 22-cv-05270-LJL |

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

BERKE-WEISS LAW PLLC
Alexandra Berke, Esq.
150 East 52nd Street Ste. 21002
New York, NY 10022
(212) 888-2680
alex@berkeweisslaw.com
*Attorneys for Plaintiff*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT……………………………………………………… 4

LEGAL STANDARD…………………………………………………………………….4

LEGAL ARGUMENT ………………………………………………………….....5

    I.    PLAINTIFF HAS ALLEGED ADEQUATE FACTS TO DEMONSTRATE THAT SHE WAS AN EMPLOYEE OF DEFENDANTS' CHARITABLE NON-PROFIT FCBC AND ITS BOARD PRESIDENT WALROND……….......................................................................…………………..5

    II.    DEFENDANTS CANNOT AVOID LIABILITY BY ARGUING IN THE ALTERNATIVE THAT PLAINTIFF WAS AN EXEMPT PROFESSIONAL NOT ENTITLED TO THE PROTECTIONS OF THE NYLL……………………………..8

CONCLUSION…………………………………………………………………… 10

# TABLE OF AUTHORITIES

**Cases**

*Andreyuk v ASF Constr. & Excavation Corp.*,
2022 US Dist LEXIS 179375, a12-13 (S.D.N.Y. Sep. 30, 2022)..............................................................................................................10

*Bell Atlantic Corp. v. Twombly*,
127 S.Ct. 1955, 1964 (2007)..................................................................................4

*Brandenberg v. Greek Orthodox Diocese of N. Am.*,
No. 20-CV-3809 (JMF), 2021 WL 2206486 (S.D.N.Y. June 1, 2021) ..............................8

*Geisler v. Petrocelli*,
616 F.2d 636, 639 (2d Cir. 1980)..................................................................................5

*McDowell v. N. Shore-Long Island Jewish Health Sys., Inc.*,
839 F. Supp. 2d 562, 565 (E.D.N.Y. 2012)..................................................................5

*Robinson v. De Niro*,
2022 US Dist LEXIS 124208, 12-13 (S.D.N.Y. July 13, 2022)........................................9

*Quinones v. City of New York*,
No. 19-CV-05400 (LJL) (DF), 2020 WL 5665142 (S.D.N.Y. Aug. 17, 2020)......................8

**Statutes**

Fed. R. Civ. P. § 12(b)(6)......................................................................................... 4, 5, 7

New York Labor Law ("NYLL") §§ 190 *et seq.* ........................................................... 5

NYLL § 651 ................................................................................................................ 5, 6

Plaintiff Kyndra Frazier respectfully submits this Memorandum of Law in Opposition to the Motion to Dismiss filed by Defendants First Corinthian Baptist Church Community Development Corporation ("FCBC") and Michael Walrond (collectively "Defendants") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Defendants' Motion to Dismiss Plaintiff relies on the premise that because Plaintiff was an Associate Pastor at First Corinthian Baptist Church (the "Church"), an entity which is not a defendant in this matter, the independent, non-religious, non-profit, Defendant FCBC Community Development Corporation is exempt from abiding by the New York Labor Law—it is not. Defendants rely on inapposite or incorrect law and factual inaccuracies to support their Motion to Dismiss. Defendants submitted a 9-page memorandum of law, and they mention FCBC only in the first line of the memorandum, failing to address how this non-profit, with its own articles of incorporation, address, tax filings, and employees, was not Plaintiff's employer. Instead, Defendants' argument relies on conflating the fact that Plaintiff was a religious leader in the Church that is led by Defendant Walrond, with the fact that Defendant Walrond started FCBC, a not-for-profit charitable corporation for which he serves as Board President, that hired Plaintiff to provide non-religious services to its clients.

Defendants' Motion to Dismiss should be denied in its entirety.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct.

1955, 1964 (2007). A complaint will survive a motion under Fed. R. Civ. P. § 12(b)(6) if it states

plausible grounds for Plaintiff's entitlement to the relief sought, *id*. at 1965-66; *i.e.*, it need merely

contain sufficient factual allegations to raise a right to relief above the speculative level. *Id*. at

1965. In reviewing a Rule 12(b)(6) motion, the task of the court "is merely to assess the legal

feasibility of the complaint, not to assay the weight of the evidence which might be offered in

support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). The issue before the

Court upon consideration of such a motion is not whether Plaintiff "will ultimately prevail but

whether the claimant is entitled to offer evidence in support of the claims." *McDowell v. N. Shore-*

*Long Island Jewish Health Sys., Inc.*, 839 F. Supp. 2d 562, 565 (E.D.N.Y. 2012).

## **LEGAL ARGUMENT**

### **POINT 1**
### **PLAINTIFF HAS ALLEGED ADEQUATE FACTS TO DEMONSTRATE THAT SHE WAS AN EMPLOYEE OF DEFENDANTS CHARITABLE NON-PROFIT FCBC AND ITS BOARD PRESIDENT WALROND**

New York Labor Law §§ 651 *et. seq.* establishes minimum wage requirements for

employees and employers subject to the NYLL. NYLL § 190 defines an "employee" as "any

person employed for hire by an employer in any employment," and an "employer" includes "any

person, corporation, limited liability company, or association employing any individual in any

occupation, industry, trade, business or service." Plaintiff has alleged facts adequate to support a

conclusion that, while serving in her Executive Director role at the HOPE Center, she was an

employee of Defendants under NYLL § 651, and that Defendants were her employers.

Plaintiff was hired by Defendant Walrond as the Executive Director of the Healing On

Purpose and Evolving Center (the "HOPE Center" or "Center"), a mental health facility run by

Defendant FCBC Community Development Corporation, a non-profit organization that develops

affordable housing and educational programs in Harlem. Pastor Walrond promised but failed to pay Plaintiff any salary for the work she provided to the Center, in violation of the NYLL.

Defendants argue that Plaintiff falls within the exceptions to minimum wage laws stated in NYLL § 651 because Plaintiff "[was] a member of a religious order, or… a duly ordained, commissioned or licensed minister." Plaintiff does not contest in this proceeding that she worked for the Church in the capacity of a "duly ordained, commissioned or licensed minister," for which she was paid. In relying on this argument, Defendants point to the work she did as an ordained minister of the Church instead of the organizational structure of the FCBC and the duties Plaintiff performed for it. But, this is a misplaced argument that does not address Plaintiff's claims:

- Plaintiff has alleged that, as Executive Director of the HOPE Center, she was an employee of the Corporation.
- In her role as Executive Director, she performed non-pastoral duties that were rooted in her training and licensure as a social worker rather than as a Pastor.
- By performing a non-religious role for a non-religious corporation, she was covered by NYLL § 651.
- The corporation failed to pay her in violation of the NYLL.

Plaintiff alleges adequate facts demonstrating that in her work as Executive Director of the HOPE Center, she was an "employee" for purposes of NYLL § 651 and was therefore entitled to a minimum wage from Defendants. First, the Center is a non-religious non-profit corporation, distinct from the Church at which Plaintiff worked as Associate Pastor. Defendant FCBC, which runs the HOPE Center, filed its own taxes. In Defendant FCBC's IRS Form 990 filed in 2019 and 2020 for federal taxation purposes, Defendant FCBC does not reference the Church, and describes itself in IRS filings as a not-for-profit, not a religious, organization, in order to qualify for public/government monies. Complaint ¶ 35-37. FCBC also has its own employees working at the Center, none of whom – the current Executive Director included – are employed by the Church at the same time. Complaint ¶ 34.

Moreover, Plaintiff alleges that she was at all relevant times held out to be the Executive Director of the Center by Defendants, and that Defendant Walrond verbally promised to pay her for her role as Executive Director in exchange for her securing the grants to bring the HOPE Center into existence. Complaint ¶ 30.

Plaintiff alleges that her work as Executive Director of the HOPE Center was separate and distinct from her work as an Associate Pastor, as she was required to use her Licensed Clinical Social Worker ("LCSW") training and licensure for her work at the HOPE Center, but not for her Pastoral work. In her role as Executive Director of the Center, Plaintiff utilized her skills as a LCSW to create mental health curriculum, supervise LCSW students in their counseling work, and apply for grants. Plaintiff also attended HOPE Center staff meetings. Complaint ¶ 45. The Center referred to Plaintiff as its Executive Director.  Complaint ¶ 50. She supervised Licensed Clinical Social Work students from Columbia University and other schools on the basis of her skills and license as a LCSW, all unrelated to her work as a Pastor. Complaint ¶ 45. In contrast, as an Associate Pastor of the Church, Plaintiff attended music department rehearsals, attended church, preached to the congregation, taught bible studies and a spiritual formation class. Complaint ¶ 43. The Center also served the Harlem community, not just FCBC Church members. Complaint ¶ 48. In alleging that Plaintiff was employed by the Corporation in an entirely distinct, separate role from her Pastor role, and in showing that this role was held out as different in nature, Plaintiff has more than met the standard for her claim to survive a motion to dismiss under Fed. R. Civ. P. 12(b).

In contrast, Defendants' argument that the New York Labor Law does not apply to Plaintiff because her role as the Executive Director of FCBC was not separate from her Associate Pastorship for the Church is based on a conclusory assertion of fact upon which the motion to dismiss may

not properly be granted. On a motion to dismiss, all favorable inferences must be drawn in favor of the non-moving party. *Quinones v. City of New York*, No. 19-CV-05400 (LJL) (DF), 2020 WL 5665142 (S.D.N.Y. Aug. 17, 2020). Here, the non-moving party is Plaintiff, and when such inference is drawn as required, Plaintiff has alleged facts sufficient to support a finding that she was an "employee" as Executive Director of the HOPE Center. Defendants' own version of events included in their Motion to Dismiss cannot be credited.

The case cited by Defendants to support their Motion to Dismiss, *Brandenberg v. Greek Orthodox Diocese of N. Am.*, No. 20-CV-3809 (JMF), 2021 WL 2206486 (S.D.N.Y. June 1, 2021) is inapposite to the facts in this instant case.  Plaintiffs in *Brandenberg* were two nuns who alleged that they were owed minimum wages and overtime under the NYLL for their participation in various church programs and activities (their male counterparts were paid for their participation). The court found that, because they were "members of a religious order," the nuns were not covered by the NYLL. Here, Plaintiff is alleging that she was illegally deprived of minimum wages and overtime for a sectarian role she performed at a non-religious entity that is separate and distinct from the Church. Plaintiff alleges that the duties and responsibilities of the Executive Director role, far from being 'baked into' her role as a pastor, were distinct from those she had as a Pastor and were held out as such by Defendants to receive grant funding.

Other than relying on a conclusory statement that Plaintiff is not covered by the NYLL and a distinguishable case, Defendants have not demonstrated why their Motion to Dismiss should be granted—because they cannot make such a showing.

## POINT II

**DEFENDANTS CANNOT AVOID LIABILITY BY ARGUING IN THE ALTERNATIVE THAT PLAINTIFF WAS AN EXEMPT PROFESSIONAL NOT ENTITLED TO THE PROTECTIONS OF THE NYLL**

Defendants' recitation of the duties test purportedly applicable to Plaintiff also fails to support their Motion to Dismiss because it is utterly devoid of any reference to her secular work for Defendants instead of the Church or to the fact that Plaintiff was not paid *at all* for any work she did for Defendants.

Defendants' argument relies on an application of the duties test to Plaintiff's work and study in theology to advance the argument that the professional exemption of the NYLL applied to her, and therefore, Defendants are not liable to her for unpaid wages. Like their other arguments, this too fails.  Plaintiff worked as an Executive Director—an *executive*—for the corporate non-profit, Defendant FCBC.  If any exemption under the NYLL applied to her, it would be the Executive Exemption, which requires both a duties test and a salary test.  An employee falls within the executive exemption to NYLL's overtime requirement if (a) her "primary duty" consists of managing the enterprise or a department or subdivision thereof; (b) she "customarily and regularly directs the work" of two or more employees; (c) she "has the authority to hire or fire other employees" or her suggestions to hire or fire are given particular weight; (d) she "customarily and regularly exercise[s] discretionary powers;" and (e) her salary exceeds a threshold requirement. 12 NYCCRR § 142-2.14(c)(4)(i*); see also Robinson v De Niro*, 2022 US Dist LEXIS 124208, at \*12-13 (SDNY July 13, 2022, No. 19-CV-9156 (LJL) (KHP)). Plaintiff's duties as the Executive Director clearly align with the executive exemption of the NYLL—she managed the Center, supervised staff, and created programs for students.  But, Defendants failed to pay her the minimum salary threshold required under the executive exemption.  By failing to pay her any wages for this separate, distinct position, Defendants cannot now avail themselves of this or any exemption under the NYLL.  Moreover, the question of whether the professional or executive exemption applies to Plaintiff is a mixed question of fact and law, which cannot be decided on a

motion to dismiss. *See Andreyuk v ASF Constr. & Excavation Corp.*, 2022 US Dist LEXIS 179375, at *12-13 (SDNY Sep. 30, 2022)).

Assuming *arguendo* that the professional exemption applied to Plaintiff's role as the Executive Director of the Center—which to be clear Plaintiff does not concede since Defendants' argument relies on and analyzes her role as a pastor—Defendants' argument still fails because it did not pay her *any* salary.  While the professional exemption does not have a minimum salary threshold requirement, it is axiomatic that employees are owed wages for their work. If Defendants' argument was sound, then workers covered by the Professional Exemption would have no right to be paid any wages for their work.

Defendants seemingly fail to understand that the Church, which employed Plaintiff as an Associate Pastor, is not a named defendant in this action. Defendants' factual contentions in their motion all have to do with Plaintiff's role as Associate Pastor at the Church and fail totally to address Plaintiff's allegations regarding the nature of her second, separate role as Executive Director of an unaffiliated non-religious non-profit. Plaintiff names Defendant FCBC in this action precisely because the Corporation was her employer in her capacity as Executive Director of the HOPE Center, and any motion to dismiss by Defendants should have at the very least acknowledged this distinction, which is one of Plaintiff's key arguments. Defendants' total failure to respond to the essence of Plaintiff's pleadings makes it even more improper for this court to grant their Motion to Dismiss.

## CONCLUSION

Plaintiff respectfully requests that Defendants' application be denied in its entirety.

Dated: November 30, 2022
      New York, NY

Respectfully Submitted,

s/ Alexandra Berke
Alexandra Berke
Berke-Weiss Law, PLLC
150 East 52nd Street Ste. 21002
New York, NY 10022
(212) 888-2680
alex@berkeweisslaw.com
*Attorneys for Plaintiff*