UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
KYNDRA FRAZIER,                                                        :
                                                                       :
                                    Plaintiff,                         :     22-cv-5270 (AS)
                                                                       :
            -v-                                                        :     ORDER
                                                                       :
                                                                       :
FCBC COMMUNITY DEVELOPMENT                                             :
CORPORATION, et al.,                                                   :
                                                                       :
                                    Defendants.                        :
                                                                       X
---------------------------------------------------------------------

ARUN SUBRAMANIAN, United States District Judge:

      On December 12, 2023, the Court issued a Memorandum Opinion and Order denying Defendants' motion for summary judgment. Dkt. 59. On January 12, 2024, Defendants submitted a motion for reconsideration of that Order or, in the alternative, for the Court to certify an interlocutory appeal. Dkt. 65. As Defendants present no valid grounds for reconsideration or an interlocutory appeal, the motion is DENIED. *See, e.g.*, *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." (cleaned up)); 28 U.S.C. § 1292(b) (requiring that the motion "involves a controlling question of law as to which there is substantial ground for difference of opinion").

      On the separate-jobs issue, Defendants merely rehash those facts favoring its view that Frazier had just one job. *See* Dkt. 66 at 3–7. But the Court already recognized those facts and still denied summary judgment because it could not weigh facts favoring Defendants against those favoring Frazier. Dkt. 59 at 4. As for whether New York labor law's exemptions apply, Defendants again miss the mark. First, they say that their primary argument was that Frazier was an executive. Dkt. 66 at 7. But as the Court made clear in its opinion, only the professional exemption would do

Defendants any good. Dkt. 59 at 2. Second, Defendants again failed to define Frazier's primary duty. As the Court noted, Frazier had some job duties evincing executive responsibilities and others reflecting professional ones. *Id.* at 2–3. Weighing those competing duties is "highly fact-intensive," so the Court could not decide it on summary judgment. *Id.* at 3 (citation omitted).

The Clerk of Court is directed to terminate ECF No. 65.

SO ORDERED.

Dated: January 29, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge