UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KYNDRA FRAZIER,<br><br>                            Plaintiff,<br><br>  -against-<br><br>FCBC COMMUNITY DEVELOPMENT CORPORATION,<br><br>                            Defendant. | 22-cv-5270 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge.

## BACKGROUND

Plaintiff Kyndra Frazier has sued Defendant FCBC Community Development Corporation for violating New York Labor Law (NYLL) by failing to pay her a minimum wage or provide a wage notice or statement. From February 20 to February 22, 2024, the Court held a jury trial. The verdict sheet—to which the parties agreed—asked (in so many words) the following questions: (1) whether Frazier's work as Executive Director of the HOPE Center constituted a separate job from her role as Associate Pastor, (2) whether Defendant was her employer for her work at the HOPE Center, and (3) how many hours Frazier worked at the HOPE Center for Defendant. *See* Dkt. 96. Although the verdict form didn't ask the jury to do the math to translate the number of hours into a dollar amount, the parties repeatedly assured the Court that such translation would be "mechanical." Dkt. 82 at 42:24–45:16; Dkt. 89 at 257:5–264:23.

Nevertheless, the parties now dispute what the amount of damages should be. The jury found that Frazier was owed wages for 1,040 hours, but the parties disagree about what wage rate should apply. The parties consented to this Court's deciding the issue and finding any necessary facts based on the trial record. There is also more predictable post-trial fare: Before trial, the parties agreed that the Court would decide, after trial, the wage-statement and -notice claims as well as liquidated damages. At the Court's request, the parties submitted multiple letters on these issues (as well as on prejudgment interest). Dkts. 99, 101–02.

## DISCUSSION

### I. Unpaid wages

Frazier argues that she's entitled to $15,600 based on the minimum-wage rate from 2020, the last year of the period for which she seeks damages. Dkt. 99 at 1. Defendant argues that she should get $12,702.32. *Id.* at 5. That number is calculated by spreading the jury's 1,040 hours across the whole period for which Frazier seeks damages. *Id.* at 5–6.

Neither side has provided authority to establish which side bears the burden on this question. But the typical rule for minimum-wage claims is that "the law providing the greatest recovery will

govern." *Castillo v. Isakov*, 2023 WL 6664552, at *5 (S.D.N.Y. Oct. 12, 2023). Granted, this standard is not on all fours because it is about picking a body of law. But it reflects the broader "remedial purpose of the New York labor law." *Koljenovic v. Marx*, 999 F. Supp. 2d 396, 399 (E.D.N.Y. 2014). So if the evidence were in equipoise, the Court would grant damages based on the higher wage rate.

In any event, Frazier has proved her position by a preponderance of the evidence. Frazier points to the unrebutted testimony at trial that, "around January 2020, [the] HOPE Center joined the [FCBC Community Development Corporation]." Dkt. 89 at 163:14. (It was previously part of the nonparty church.) She argues that it was not until then that she worked for Defendant, so all her hours must be assigned to that period. Defendant has no response to this argument as a matter of fact or law. Instead, Defendant points to Frazier's counsel's opening and closing statements as well as one statement that Frazier worked forty hours per week throughout her time as Executive Director. *See* Dkt. 102 at 1–2. But openings and closings are not evidence. And the Court is not trying to divine the jury's thinking or intent. Neither side provided authority suggesting that the Court could do that, so they instead consented to the Court's fact-finding. And Frazier's weekly hours alone don't help the Court situate Defendant's liability in time. So the Court finds that Frazier began working for Defendant in January 2020, and all hours must be assigned to the period from January 2020 until she was fired in June 2020. At the 2020 minimum-wage rate (on which the parties *do* agree), that amounts to $15,600. Dkt. 99 at 1–2, 6.

## II. Wage statement

Next, Defendant says it didn't violate NYLL's wage-statement requirement. Under that law, "[e]very employer shall … furnish each employee with a statement with every payment of wages." N.Y. Lab. Law § 195(3). Defendant argues that it never owed a "statement" because it never made a "payment of wages." Plaintiff's only interpretive response is that such a reading would run counter to the statute's purpose. Maybe so, but Frazier has no better reading of the language.

Nor does she have a better reading of the case law. She points to three cases in which, she says, wage-statement damages were awarded "even when no payment was given." Dkt. 99 at 4. But in two of those cases, there were periods of payment and nonpayment, so the violations were based on the payments actually made (if the issue was raised at all in these default-judgment proceedings). *See Carrasco-Flores v. Comprehensive Health Care & Rehab. Servs., LLC*, 2014 WL 4954629, at *5 (E.D.N.Y. Oct. 2, 2014) (noting that "with the exception of 2009 and 2010, she earned $9 per hour," and that the wage-statement requirement "became effective on April 9, 2011); *Chen v. Oceanica Chinese Rest., Inc.*, 2023 WL 2583856, at *15 (E.D.N.Y. Mar. 21, 2023). And the one other case simply misinterpreted, in a default-judgment opinion, the finding of one of the other cases. *See Sanchez v. Hyper Structure Corp.*, 2023 WL 2815717, at *9 (E.D.N.Y. Feb. 24, 2023) (citing *Carrasco-Flores*).

In a series of more on-point cases, New York courts have held that employers who violate the law by paying wages on a biweekly rather than weekly basis are not separately liable for failing to provide a wage statement each week. *See Phillips v. Max Finkelstein, Inc.*, 153 N.Y.S.3d 750, 752

(2d Dep't 2021); *Rojas v. Hi-Tech Metals, Inc.*, 2019 WL 4570161, at *4 (N.Y. Sup. Ct. Sept. 11, 2019); *Hunter v. Planned Bldg. Servs., Inc.*, 2018 WL 3392476, at *4 (N.Y. Sup. Ct. June 20, 2018). The situation here is more extreme, but still analogous: a plaintiff can't base her wage-statement claim on a "payment of wages" she *should have* received. So the "plain reading" controls, and Frazier's wage-statement claim fails. *Rojas*, 2019 WL 4570161, at *6.

### III. Good faith

Defendant also says it's exempt from the liquidated-damages and wage-notice provisions of the NYLL based on its good faith. "[U]nder the NYLL, an employee is entitled to liquidated damages equal to one hundred percent of the total amount of wages found to be due, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." *Hernandez v. Jrpac Inc.*, 2016 WL 3248493, at *34 (S.D.N.Y. June 9, 2016) (cleaned up). To carry this "difficult burden," *id.*, Defendant must show that it took "active steps to ascertain the dictates of the [NYLL], and then act[ed] to comply with them." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999); *Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987) ("The [good faith] defense requires plain and substantial evidence of at least an honest intention to ascertain what the Act requires and to comply with it."); *Tapia v. Blch 3rd Ave. LLC*, 906 F.3d 58, 60 (2d Cir. 2018) (FLSA and NYLL provide liquidated damages "on the same terms"). Ignorance of the law isn't enough. *See Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997). The standard for exercising the Court's discretion to award damages for a wage-notice claim is less well-developed and perhaps more freewheeling. *See Pugh v. Meric*, 2019 WL 2568581, at *2 (S.D.N.Y. June 20, 2019). But Defendant has argued that the same good-faith standard applies, and Frazier hasn't proposed any alternative. Dkt. 99 at 4, 7.

Here, Defendant has "failed to show, let alone by plain and substantial evidence … that [it] acted with subjective good faith." *Hernandez*, 2016 WL 3248493, at *34. The pieces of evidence Defendant cites don't move the needle. Defendant's hiring an attorney to formally transfer the HOPE Center from the church to Defendant isn't evidence of an effort to "ascertain the dictates" of the NYLL. And the rest of the evidence simply shows Defendant's subjective belief that Frazier didn't have two jobs. But again, that shows ignorance of the law (or the facts), not an earnest effort to comply. At the very least, liquidated damages are "the norm," and Defendant hasn't carried its burden by "plain and substantial evidence." *Id.* So Frazier is entitled to liquidated damages (doubling the unpaid-wages award) and to $5,000 in wage-notice statutory damages.

### IV. Prejudgment interest

The parties have agreed that (1) the prejudgment interest rate is 9%, (2) it is calculated from the date the complaint was filed, June 23, 2022, to the last day of trial, February 22, 2024, and (3) it applies only to the base award of unpaid wages. Dkt. 99 at 5, 8. Because the Court has agreed with Plaintiff's unpaid-wages amount, it also agrees with its prejudgment-interest amount, $2,344.65.

## CONCLUSION

For the reasons above, the Court will enter final judgment in the amount of $38,544.65. An order of final judgment will follow.

SO ORDERED.

Dated: March 29, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge