```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------  x
KYNDRA FRAZIER,                                                      :
                                                                     :
                    Plaintiff,                                       :
                                                                     :
            v.                                                       :   Case No.: 22-cv-05270
                                                                     :
FCBC COMMUNITY DEVELOPMENT                                           :
CORPORATION,                                                         :
                                                                     :
                    Defendant.                                       :
-------------------------------------------------------------------  x
```

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

BERKE-WEISS LAW PLLC

Alexandra Berke, Esq.
Mairead Kate Burns, Esq.
150 East 52nd Street, Ste. 21002
New York, NY 10022
(212) 888-2680
alex@berkeweisslaw.com
*Attorneys for Plaintiff*

Plaintiff, by her attorneys, Berke-Weiss Law PLLC ("Berke-Weiss Law" or "the Firm"), respectfully submits this Memorandum of Law in Support of Plaintiff's Motion for Attorneys' Fees and Costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure of the New York Labor Law § 663, §198(1-a) ("NYLL").

## PRELIMINARY STATEMENT

On June 23, 2022, Plaintiff filed a Complaint against Defendant FCBC CDC alleging failure to pay Plaintiff minimum wages in violation of NYLL § 190, *et. seq.*, as well as violations of the Wage Theft Protection Act under NYLL § 195. On February 20, 2024, the Court conducted a jury trial to determine three primary issues of fact: whether Defendant was Plaintiff's employer, whether Defendant failed to pay Plaintiff a minimum wage for her job as Executive Director of the HOPE Center, and how many total hours Defendant failed to pay Plaintiff. On February 22, 2024, the jury found unanimously in favor of Plaintiff. On March 29, 2024, this Court entered a final judgment in favor of Plaintiff for the sum of $38,544.65.

A summary of Plaintiff's attorneys' fees and costs incurred in the litigation of this matter is attached as *Exhibit A* to the declaration of Alexandra Berke ("Berke Declaration") filed in support of this motion. For the reasons set forth below, Plaintiff respectfully requests that the Court award $232,531.50 in attorneys' fees and $3,796.27 in costs.

## ARGUMENT

**I.  AS THE PREVAILING PARTY, PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS.**

New York Labor Law ("NYLL") contains a fee-shifting provision for actions to recover unpaid wages. NYLL § 663(1) states "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled . . . he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees . . ." *See also* NYLL §

198(1-a). Pursuant to the jury verdict decided on February 22, 2024, Plaintiff is the prevailing party in this case and is thus entitled to attorneys' fees and costs under NYLL.

## II. PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES IS REASONABLE.

In assessing attorneys' fees in wage and hour cases, courts ordinarily "start by determining the so-called lodestar amount, or 'the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, 2016 US Dist. LEXIS 121259, at *60 (S.D.N.Y. Sep. 8, 2016) (citing *Millea v. Metro-North R.R.*, 658 F.3d 154, 166 [2d Cir. 2011]). The amount is calculated based on "(1) a consideration of the number of hours actually spent by counsel and other personnel that are deemed reasonably necessary to the successful outcome for the client and (2) the setting of reasonable hourly rates for counsel, a criterion most recently, if opaquely, described as 'the rate a paying client would be willing to pay.'" *Briese Lichttechnik Vertereibs GmbH v. Langton*, 2010 U.S. Dist. LEXIS 107831, at *4 (S.D.N.Y. Oct. 4, 2010). The lodestar figure is thus often referred to as a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F. 3d 182, 190 (2d Cir. 2008).

Further, the court may also "adjust the hourly rate to account for other case-specific variables, sometimes referred to as the 'Johnson factors,' which include:

> [i] the time and labor required; [ii] the novelty and difficulty of the questions; [iii] the skill requisite to perform the legal service properly; [iv] the preclusion of employment by the attorney due to acceptance of the case; [v] the customary fee; [vi] whether the fee is fixed or contingent; [vii] time limitations imposed by the client or the circumstances; [viii] the amount involved and the results obtained; [ix] the experience, reputation, and ability of the attorneys; [x] the 'undesirability' of the case; [xi] the nature and length of the professional relationship with the client; and [xii] awards in similar cases."

*Gamero v. Koodo Sushi Corp.*, 328 F. Supp. 3d 165, 173 (S.D.N.Y. 2018) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3, 103 S. Ct. 1933, 76 L. Ed. 2d 40 [1983]). Some of the *Johnson* factors "are more logically related to determining the number of hours that should be compensated, and others . . . might be considered in setting the number of compensable hours or in making a further adjustment after a presumptive fee has been established." *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 537 n. l (S.D.N.Y. 2008).

Notably, attorneys' fees need not be proportionate to the amount of damages awarded and "courts have repeatedly rejected the notion that fee awards in wage-and-hour cases must be proportional to the plaintiff's recovery." *Shanggang Feng v Kelai Corp.*, 2024 US Dist. LEXIS 59934, at * 71 (S.D.N.Y. Mar. 29, 2024,) (quoting *Najera v. Kurtishi*, 2024 U.S. Dist. LEXIS 8537, [S.D.N.Y. Jan. 17, 2024]); *see also Fisher v. SD Protection Inc.*, 948 F.3d 593, 603-04 (2d Cir. 2020) (rejecting proportionality limit on attorney's fees in FLSA cases); *Dajbabic v. Rick's Cafe*, 995 F. Supp.2d 210, 211-12 (E.D.N.Y. 2014) ("While the degree of success achieved by the attorney in a statutory fees case is often described as the most critical factor in determining the reasonable fee, the fee need not be proportionate to the success, and fee awards far greater than the damages awarded may be found reasonable.").

a. **The rates requested by Plaintiff's Counsel are reasonable**.

In determining reasonable fees for a particular case, courts rely on reasonable hourly rates prevailing in the same district for similar services provided by attorneys with comparable skill and experience. *See Arbor Hill*, 522 F.3d at 184. In deciding what constitutes a reasonable rate, the court may "look at the prevailing rates in the relevant community for attorneys of comparable reputation, skill, and practice area, evidence of the rates counsel typically charges, or rely on its own knowledge of rates charged in the district." *Lewis v. Am. Sugar Ref., Inc.*, 2019 US Dist. LEXIS 18058, at *4 (S.D.N.Y. Jan. 2, 2019) (citing *Rai v. WB Imico Lexington Fee, LLC*, 2017

US Dist. LEXIS 49395, at *25 [S.D.N.Y., Mar. 31, 2017]). "The relevant community to which the court should look is the district in which the case was brought." *Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000).

Plaintiff is seeking rates of $395, $495, and $550 for lead attorney Senior Associate Alex Berke, $175 and $350 for Associate Attorney Mairead Kate Burns, $695 and $725 for Principal Attorney Laurie Berke-Weiss, $395, $495, and $550 for Senior Associate Rosa Aliberti, as well as $175 and $195 for paralegal work and $150 and $175 for law student/law clerk work. The staff's experience and contributions are outlined in the *Berke Declaration*. This matter has been litigated over a span of two years since its filing on June 23, 2022; in that time the Firm's attorney, law clerk and paralegal rates have been increased, as part of normal practice, which accounts for the difference in rates represented throughout the billing statement, attached hereto as *Exhibit A*. Berke-Weiss Law specializes in employment law and performs a mix of hourly services and contingency services, although contingency cases represent only about a quarter of the Firm's work.

While Plaintiff concedes that the Firm's rates fall outside of the typical ranges awarded in this District, Plaintiff notes that these hourly rates are rates usually charged to clients of Berke-Weiss Law PLLC and are reasonable and appropriate to the level, skill and quality of representation that the attorneys and staff provide to their clients. *See Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 544 (S.D.N.Y. 2008) (noting that the actual rate charged by counsel to paying clients "is obviously strong evidence of what the market will bear."); *see also Espinosa v. Perez*, 2020 US Dist. LEXIS 14075, at * (S.D.N.Y. Jan. 27, 2020) (collecting cases), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 40829, 2020 WL 1130743 (S.D.N.Y. Mar. 9, 2020) ("The Court

affords 'significant weight' to evidence that the rates requested are regularly charged to and paid by the Firm's clients.").

Should the Court decide to downwardly adjust Ms. Berke's (or Ms. Aliberti's) rates, Plaintiff requests that the adjusted rate be no lower than $350 per hour. *See Najera v Kurtishi*, 2024 US Dist. LEXIS 8537 (S.D.N.Y. Jan. 17, 2024) (approving a $350 hourly rate for an attorney who received their law degree in 2017); *see also Surdu v. Madison Global, LLC*, 2018 US Dist. LEXIS 48356 at *25 (S.D.N.Y. Mar. 23, 2018) ("Courts of this Circuit commonly allow for hourly rates of $300 to $400 for experienced attorneys or partners in FLSA and NYLL wage-and-hour cases."); *Perez v. Platinum Plaza 400 Cleaners, Inc.*, 2015 US Dist. LEXIS 78079 at *3 n.1 (S.D.N.Y. June 16, 2015) (finding rate of $400 per hour appropriate for a Senior Associate who had been admitted ten years and successfully litigated a FLSA action); *Navarro Zavala v. Trece Corp*, 2020 U.S. Dist. LEXIS 25418, 2020 WL 728802, at *2 (finding $375 to be a reasonable hourly rate for a senior associate);

Similarly, should the Court decide to downwardly adjust Ms. Burns's rate, Plaintiff requests that for all work performed before Ms. Burns was admitted to the bar on November 1, 2023, her rate of $175 per hour remain unchanged, and for all work performed after November 1, 2023, her rate be adjusted no lower than $300 per hour. *See e.g. Lewis v. Am. Sugar Ref., Inc.*, 2019 US Dist. LEXIS 18058 (S.D.N.Y. Jan. 2, 2019) (approving a rate of $300 for an associate where Defendants objected to the rate as excessive because that attorney's involvement in the case was primarily as a first-year associate).

Laurie Berke-Weiss, the founder and principal of the Firm, was previously billed at the rate of $695 per hour, and is currently billed at the rate of $725 per hour. Ms. Berke-Weiss has over 35 years of experience as an employment lawyer and litigator in New York City, and is recognized

as a leader in her field. *Berke Declaration ¶ 12*. Ms. Berke-Weiss's expertise was utilized sparingly throughout this litigation due to her higher rate, and she contributed approximately 17 hours total. *Berke Declaration ¶ 6*. Should the Court decide to lower Ms. Berke-Weiss's rate, Plaintiff requests that Ms. Berke-Weiss's rate be reduced no lower than to $600 per hour. *See e.g., Blake v. New York City Health & Hosps. Corp.,* 2016 U.S. Dist. LEXIS 152941, 2016 WL 6520067, at *5 (S.D.N.Y. Nov. 3, 2016) (collecting cases for the proposition that recent decisions have moved the upper limits for experienced litigators in civil rights and employment law cases to $600); *Arias v A&J Deli Fish Corp.*, 2023 US Dist LEXIS 223951, at *32 (SDNY Dec. 14, 2023) ("Even in non-class cases, courts in this District have awarded as much as $600 per hour to experienced wage-and-hour attorneys. . . .").

The requested paralegal rates of $175 and $195 per hour are not far above the typical rate that courts in this District have generally found reasonable. *See Galindo v. Yummy Foods Deli Corp.*, 2024 U.S. Dist. LEXIS 8792, 2024 WL 947283, at *17 (S.D.N.Y. Jan. 17, 2024) (noting that $100 to $150 "typical" range for paralegals in this District); *see also Najera*, 2024 U.S. Dist. LEXIS 8537, at *3 ($125 hourly rate is reasonable for paralegals in NYLL case). Similarly, if the Court decides to adjust the rates assigned to the law student "Law Clerk" services, Plaintiff requests that the adjusted rate be the same rate as applied to paralegal services and that the adjusted rate be no less than $125 per hour. *See Hong v. Mommy's Jamaican Mkt. Corp.*, 2024 US Dist. LEXIS 50934 at *15 (SDNY Mar. 21, 2024) (quoting *Medina v. Bother*, 2019 U.S. Dist. LEXIS 156139 at *11 (S.D.N.Y. Sept. 12, 2019) ("Like paralegals, law student clerks are compensated at prevailing market rates. Students are generally billed at rates similar to those of paralegals."); *see also Barzilay v. City of New York*, 2023 U.S. Dist. LEXIS 64506, at *15 (S.D.N.Y. Apr. 12, 2023)

($125 hourly fee "for law students and paralegals" is "in line with rates recently awarded in this District").

    b. **The time expended by Plaintiff's Counsel is reasonable**.

"After establishing the appropriate hourly rate, a court must determine how much time was reasonably expended in order to arrive at the presumptively reasonable fee." *Villanueva v. 179 Third Ave. Rest Inc.*, 500 F. Supp. 3d 219, 241 (S.D.N.Y. 2020). In determining the reasonable number of hours required by a case, the critical inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). In so doing, "the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (internal quotation makes and citation omitted).

Plaintiff seeks fees representing a total of 639.7 hours dedicated to this matter. These hours represent only the period between June 16, 2022, when the complaint in this case was drafted and filed, and the date the judgment was entered on March 29, 2024. The hours expended in connection to this matter are outlined in the billing statement attached to this motion as *Exhibit A*. The entries were recorded contemporaneously, detailing the date, staff member, number of hours spent, and the nature of the work performed.

The high number of hours dedicated to this matter are reasonable and underscore the complexity and novelty of the issues in this case as well as the numerous hours dedicated to trial preparation and post-trial submissions related to the final judgment.[1] Particularly, many hours were

---

[1] Approximately 351 hours dedicated to this action were incurred between the dates of January 19, 2024 (the date on which the final settlement conference was held) and March 29, 2024 (the date on which the final judgment was entered), demonstrating that efforts related to trial were the largest expenses in this matter.

spent on pre-trial submissions and conferences with the Court on issues relating primarily to the finalization of the verdict form and jury instructions, both of which required extensive legal research as one of the central issues to the case—whether Plaintiff's job was one job or two—was not directly addressed in the caselaw and was a point of notable dispute between Plaintiff's and Defendant's counsel. As such, significant time, effort and resources were spent primarily on legal research and drafting letters and pre-trial submissions to the court, as well as efforts to come to an agreement with Defendant's counsel on what questions to pose to the jury.

Further, prior to the trial-preparation stage, a large amount of time was expended on paper discovery as well as drafting oppositions to Defendants' two failed motions—their motion to dismiss and motion for summary judgment—which contained repeatedly changing and conflicting theories of defense and which attempted to circumvent the central issues of the case, thereby multiplying costs related to this case as Plaintiff's counsel had to expend many hours researching and drafting replies to these unmeritorious arguments. Thus, although the case involved few witnesses, required few depositions, and the trial lasted only three days, the core issues and substance of the case were not usual for typical wage and hour cases and presented novel questions of law and fact not previously examined by caselaw in this District or elsewhere directly (i.e. the distinction between two jobs, especially in the religious organization setting, the legal interaction between a religious organization and its affiliated non-religious non-profit, etc.). Despite these difficulties, Plaintiff ultimately received a successful outcome when the jury decided unanimously in Plaintiff's favor, underscoring the high degree of success Plaintiff achieved. Plaintiff respectfully requests that the Court consider these factors in assessing the reasonableness of the hours expended on this litigation.

Finally, Plaintiff's billing statement also demonstrates efforts to efficiently delegate more time-consuming tasks to associates and staff with a lesser billing rate—Ms. Burns and the law clerks were primarily assigned to perform legal research and drafting tasks, as well as drafting communications to clients and opposing counsel whenever possible. Lawyers with higher billing rates, such as Ms. Berke-Weiss, were billed sparingly and were primarily utilized in the final efforts of trial preparation as her experience and contributions were necessary to the successful outcome of the trial.

### III. PLAINTIFF'S REQUEST FOR COSTS IS REASONABLE.

Pursuant to NYLL § 663(1), a prevailing employee in a civil action "shall recover . . . the amount of any such underpayments, together with **costs** all reasonable attorney's fees . . . ." (emphasis added). Plaintiff seeks costs a total of $3,796.27 in costs representing the filing fee, court transcript expenses, and deposition costs, as itemized and documented in Exhibit B attached to this motion. These costs are reasonable and have been allowed in similar cases.

Generally, recoverable costs are "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Leblanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (internal citation omitted). Courts in this District have regularly found that costs associated with filing fees, transcript expenses, and deposition expenses are reasonable categories of costs. *See Perez v. Rossy's Bakery & Coffee Shop, Inc.*, 2021 US Dist. LEXIS 61289, at *31 (S.D.N.Y. Mar. 30, 2021) (awarding costs for deposition and trial transcripts, service on Defendants and the court filing fee); *Kadden v. VisuaLex*, LLC, 2012 WL 6097656, at *3 (S.D.N.Y. Dec. 6, 2012) (awarding filing fee and deposition, process server, and transcript expenses); *Garcia v. Hirakegoma Inc.*, 2020 U.S. Dist. LEXIS 40637 at *32 (S.D.N.Y Mar. 9, 2020) (awarding costs for filing fee).

## CONCLUSION

For the foregoing reasons, it is respectfully requested that Plaintiff's motion for attorneys' fees in the amount of $232,531.50 and costs in the amount of $3,796.27 should be granted in its entirety.

Dated: New York, New York
      April 12, 2024

**BERKE-WEISS LAW PLLC**

By:   */s/ Alexandra Berke*
     Alexandra Berke, Esq.
     Mairead Kate Burns, Esq.
     150 East 52nd Street,
     Suite 21002
     New York, NY 10022
     (212) 888-2680
     alex@berkeweisslaw.com

     *Attorneys for Plaintiff*