UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X        Case No.: 22-cv-05270
KYNDRA FRAZIER,

                                    Plaintiff,

       -against-

FCBC COMMUNITY DEVELOPMENT
CORPORATION and MICHAEL WALROND,

                                   Defendants.
-------------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S
MOTION PURSUANT TO RULE 50(B) AND RULE 59**

                              MILBER MAKRIS PLOUSADIS
                                            & SEIDEN, LLP
                              John J. Byrnes, Esq. (JJB 5471016)
                              Attorneys for Defendants
                              1000 Woodbury Road, Suite 402
                              Woodbury, New York 11797
                              (516) 712-4000
                              Our File No.: 420-23791
                              Jbyrnes@milbermakris.com

The following Reply Memorandum of Law is respectfully submitted in further support of Defendant's underlying motion for an entry of judgment as a matter of law in their favor, pursuant to Rule 50(b).

## LEGAL ARGUMENT

### POINT I

### DEFENDANT'S RULE 50(b) MOTION IS PROCEDURALLY PROPER AND SHOULD BE GRANTED

Defendant's Rule 50(a) motion dealt with Plaintiff's failure at trial to elicit evidence establishing that her work at the HOPE Center constituted a "separate and distinct" form of employment from her role as Associate Pastor of Pastoral Care and Counseling. Notably, the parties were in agreement that this was a threshold issue for the Jury to evaluate when rendering their verdict. A finding in Defendant's favor on this initial question would have precluded a finding in Plaintiff's favor on the subsequent questions posed to the Jury, and warranted the rendering of verdict that was fully in Defendant's favor.

Defendant's Rule 50(b) motion now deals with this same threshold issue, albeit through more thorough application of the legal tests for how separate and distinct forms of employment are determined under the law. *See Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984); *Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003); *Felder v. United States Tennis Ass'n*, 27 F.4th 834, 843–44 (2d Cir. 2022). Notably, renewing a Rule 50(a) motion with more detailed and precise legal analysis is the very purpose of a Rule 50(b) motion. As such, Defendant's motion now points to the well-established tests in this jurisdiction for determining whether "separate and distinct" employment exists, versus a joint employment relationship governing a single job. *Id*.

Defendant also notes that, contrary to Plaintiff's contentions, its position on this issue is not new. In fact, it was specifically raised prior to trial in Defendant's pre-trial submissions. *See* Docket #77. In Defendant's letter response to the Court's questionnaire concerning the content of the Jury Instructions and Verdict Form, Defendant specifically pointed to the joint employer doctrine on this issue, stating as follows:

> "With respect to the current matter, in order to succeed on her claims, Plaintiff must prove that the FCBC CDC and the Church were somehow **separate and distinct employers**, for whom she held **two separate and distinct jobs** with entirely separate duties. Under the joint employer doctrine, the factual analysis required to evaluate this issue is typically detailed. Mere assignment of the HOPE Center to the FCBC CDC for fundraising purposes does not mean there are two employers. More importantly, the existence of the FCBC CDC's relationship with the HOPE Center, **does not automatically remove the Church from its role as plaintiff's employer**."

Docket # 77 (emphasis in original).

As Plaintiff notes in her opposition, the test for "separate and distinct" employment was ultimately conveyed to the Jury through Jury Instruction No. 7., which asked the Jury to consider the economic realities of the situation based on the following factors:

> "One, whether Frazier had a separate employment agreement to perform her work at the HOPE Center; Two whether Frazier performed tasks at the HOPE Center that were not fairly or foreseeably encompassed or incidental to her duties as Associate Pastor of Pastoral Care and Counseling; whether the tasks at the HOPE Center were numerous, substantial, and different from those she performed as Associate Pastor of Pastoral Care and Counseling; and whether Frazier worked at the HOPE Center in contemplation of compensation beyond her role as Associate Pastor of Pastoral Care and Counseling."

*Trial Transcript*, 305:13-306:3.

Defendant contends that this jury instruction itself does not appear to have properly or fully conveyed the necessary elements of the tests underlying the joint employer doctrine. But even beyond that, given the elements of the tests themselves, it is clear that Plaintiff's arguments in opposition to the current motion miss the point.

In order to prove that her work for the HOPE Center was separate and distinct employment from her Associate Pastor job, Plaintiff had to bring forth evidence from which the Jury could reasonably conclude that the Church was **not** Plaintiff's employer in any way with respect to the HOPE Center. The basis of Defendant's current motion is that Plaintiff clearly failed in this respect, as ample evidence of the Church's continued involvement with the HOPE Center was entered into the record at trial.

Even Plaintiff's own testimony contradicts this idea. Plaintiff testified that the Church controlled everything for the HOPE Center from providing funding and running payroll, to holding the lease for the HOPE Center's office space and entering into contracts with new HOPE Center employees, and that this remained the case even once Defendant, FCBC Community Development Corporation, became involved. *Trial Transcript*, P. 124, 148, 149, 188, 208-209.

In contrast, the evidence Plaintiff now cites in opposition to the current motion offers little more than a general description of the hours Plaintiff worked and the tasks she performed for the HOPE Center. While such evidence might have had some cursory relevance to the jury's overall analysis of her claims, none of this evidence speaks to the core issue. To wit, Plaintiff was required to offer evidence **disproving** the Church's involvement with her work for the HOPE center. In this respect, and by her own testimony at trial, it is clear that Plaintiff has failed.

As a result, a jury verdict finding that "separate and distinct" employment existed, when Plaintiff put forth no evidence at trial to show that separate and distinct employment *could* have existed as matter of law, is clear error. The jury's verdict in this respect is necessarily the product of mere "surmise and conjecture." *Cross v. N.Y.C. Transit Auth.*, 417 F.3d 241, 248 (2d Cir. 2005) (Holding the district court may set aside the verdict where there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer

surmise and conjecture, or there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him). Based on this, and the arguments set forth in Defendant's underlying motion, judgment as a matter of law in Defendant's favor is warranted.

## POINT II

### ABSENT A FINDING IN DEFENDANT'S FAVOR A NEW TRIAL IS WARRANTED

In the alternative, and as noted in their underlying motion, Defendant seeks an order granting a new trial on this threshold issue. "[T]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Hong v. Mommy's Jamaican Mkt. Corp.*, No. 20-CV-9612 (LJL), 2024 WL 2214309, at *1 (S.D.N.Y. May 16, 2024).

In the current matter, however, it does appear that controlling legal precedent on this issue was overlooked in the instructions provided to the Jury. *See*, *e.g.*, *Manley v. AmBase Corp.*, 337 F.3d 237, 244 (2d Cir. 2003) (the district court concluded that the evidence did not support the jury verdict); *see also Valenzuela v. Mercer St. Hosp. LLC*, No. 16-CV-9680 (PKC), 2019 WL 2118828, at *1 (S.D.N.Y. May 15, 2019) ("In determining whether a new trial is appropriate under Rule 59(a), the Court applies a less stringent standard than on a motion for judgment as a matter of law. For a district court to order a new trial under Rule 59(a), it must conclude that the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice, i.e., it must view the jury's verdict as against the weight of the evidence." [internal citations and quotations omitted]). As a result, in the absence of a finding in favor of Defendant, a new trial appears warranted on the issue of whether Plaintiff's work at the HOPE Center constituted separate and distinct employment from her Associate Pastor position.

**CONCLUSION**

It is respectfully submitted that Defendants' motion for an entry of judgment as a matter of law pursuant to Rule 50(b) should be granted in favor of Defendant, and Plaintiff's claims dismissed in their entirety with prejudice. Alternatively, Defendants respectfully request that this Court grant a new trial pursuant to Rule 59 based on these issues, including the purported defects in the jury instructions with respect to the elements underlying "separate and distinct" employment under the joint employer doctrine.

Dated: Woodbury, New York
       May 24, 2024

                                    MILBER MAKRIS PLOUSADIS
                                        & SEIDEN, LLP

                                    *John J. Byrnes*
                                    John J. Byrnes
                                    Attorneys for Defendants
                                    1000 Woodbury Road, Suite 402
                                    Woodbury, New York 11797
                                    (516) 712-4000
                                    Our File No.: 420-23791
                                    Jbyrnes@milbermakris.com

CC:   **VIA ECF**
       Alexandra Berke, Esq.
       BERKE-WEISS LAW PLLC
       Attorney for Plaintiff
       150 East 52nd Street, Suite 21002
       New York, New York 10022
       (212) 888-2680
       alex@berkeweisslaw.com