UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KYNDRA FRAZIER,

        Plaintiff,

v.

FCBC COMMUNITY DEVELOPMENT CORPORATION,

        Defendant.

Case No.: 22-cv-05270

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES

BERKE-WEISS LAW PLLC

Alexandra Berke, Esq.
Mairead Kate Burns, Esq.
150 East 52nd Street Ste. 21002
New York, NY 10022
(212) 888-2680
alex@berkeweisslaw.com

*Attorneys for Plaintiff*

Plaintiff Kyndra Frazier submits this reply in further support of Plaintiff's Motion for Attorneys' Fees and Costs. As the prevailing party, Plaintiff seeks an amended award of $227,581.50 in attorneys' fees—to account for the reduction of an inadvertent double entry on 2/22/2024—and $3,796.27 in costs.[1] In its untimely opposition,[2] Defendant asks this Court to drastically reduce Plaintiff's attorneys' fees by 75%, arguing primarily that plaintiff obtained "limited recovery", that the hourly rates sought for each attorney and their staff are too high, and that the nature and time of the tasks billed warrant significant reduction. Plaintiff addresses each argument in turn.

I. **PLAINTIFF'S DEGREE OF SUCCESS DOES NOT SUPPORT A BLANKET REDUCTION OF 75% OF PLAINTIFF'S ATTORNEYS FEES**.

Plaintiff agrees with Defendant that the weightiest factor in determining reasonableness of an attorneys' fee award is the "degree of success obtained*." Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008). However, in arguing that Plaintiff's recovery is "very limited," Defendant's calculation conveniently cites only to the $15,600 award of unpaid wages, ignoring the total judgment of $38,644.65 awarded to Plaintiff, and overlooks Plaintiff's success on its most substantive claim out of Plaintiff's three claims (the other two of which were statutory violation claims).

To support its contention that Plaintiff only recovered a limited amount and is thus entitled to a 75% reduction in fees, Defendant relies on two cases which are neither analogous to this matter nor supportive of Defendant's extreme proposition. *See Pugh v. Meric*, US Dist. LEXIS 141475 (S.D.N.Y. Aug. 20, 2019) (reducing fees by 85% primarily because the plaintiff (i) recovered only

---

[1] In its memorandum, Defendant notably does not address or oppose Plaintiff's request for costs associated with this matter.
[2] Plaintiff's Motion for Attorneys' Fees and Costs was filed on April 12, 2024 in accordance with the strict timetable imposed under Rule 54. Opposition papers were thus due April 26, 2024. Although the parties agreed, and this Court ordered, to specify the post-trial briefing schedule for Rule 50(b) and Rule 59 motions (Dkt. No. 106), Defendant never requested that this Court extend its time to oppose Plaintiff's instant motion. Rather, Defendant requested on May 8, 2024, an extension to reply to the "remainder of the post-trial briefs" (again, without reference to its opposition to Plaintiff's Motion for Attorneys' fees) a week after the opposition papers were already due, making Defendant's opposition papers untimely by exactly three weeks.

$92.50 in unpaid overtime compensation, (ii) lost on liability of some of his claims, (iii) failed to obtain statutory damages for a wage-notice violation, and (iv) the court found that the majority of the fees requested were dedicated to the claims plaintiff did not prevail on); *see also Sanchez v. Oceanside First Class Roofing Inc.*, 818 Fed. App'x 106, 108 (2d Cir. 2020) (the Court of Appeals increased the reduction of attorneys' fees from 35% to 50% because of plaintiff's lack of success on his substantive claims, as (i) plaintiff *only* recovered on a statutory wage notice violation, (ii) there was a lack of connection between plaintiff's successful and unsuccessful claims, and (iii) there were issues regarding the credibility of plaintiff's testimony and claims). Neither case is comparable to the instant matter, where Plaintiff prevailed by jury verdict on her substantive minimum wage claim and only failed to recover on *one* out of her two NYLL statutory violation claims by judicial decision.

Contrary Defendant's assertions, courts in this District rarely issue reductions as large as the 75% reduction that Defendant seeks here. *See e.g. Cruz v. Space NY 50th St LLC*, 2019 WL 4061492, at *6 (S.D.N.Y. Aug. 28, 2019) (reducing plaintiff's attorneys' fees by 20% where plaintiff recovered 5% of his estimated damage calculations); *Sanchez v. I&A Rest. Corp.*, 2017 WL 2537814, at *6 (S.D.N.Y. May 22, 2017) (rejecting defendants' request to reduce plaintiff's attorneys' fees by 50%, and only reducing attorneys' fees by 15% for limited success obtained, where plaintiff's awarded damages were 4% of what the plaintiff sought). Further, attorneys' fees need not be proportionate to the amount of damages awarded, and "courts have repeatedly rejected the notion that fee awards in wage-and-hour cases must be proportional to the plaintiff's recovery." *Najera v. Kurtishi*, 2024 U.S. Dist. LEXIS 8537, (S.D.N.Y. Jan. 17, 2024).

## II. DEFENDANT PROPOSES SUBSTANTIAL DOWNWARD ADJUSTMENTS TO PLAINTIFF'S HOURLY RATES WITHOUT ADEQUATE LEGAL SUPPORT.

Defendant requests that the hourly rates of each contributor to Plaintiff's legal team be either excluded or reduced without providing adequate caselaw to support its propositions. First, Defendant

argues that Laurie Berke-Weiss's billing entries should be removed completely—without any legal support for their argument that courts in this District typically exclude the entirety of a given attorney's billing entries, let alone those of the most senior and experienced contributor. That Defendant points out that Ms. Berke-Weiss and Ms. Berke are related, in an apparent effort to discredit any communication they had about this matter, is irrelevant and is one of the multiple *ad hominen* arguments littered throughout Defendant's memorandum.

Defendant's analysis of Ms. Berke's hourly rate, and its proposed reduction of her rate to $250, are similarly without legal support, but full of additional *ad hominem* remarks and misstatements regarding Ms. Berke's experience. Defendant again offers no case law to support its contention that courts in this District, or elsewhere, assign a rate of $250 for attorneys with experience comparable to that of Ms. Berke (or Ms. Aliberti, who Defendant argues should have her rate reduced to $200). Instead, rates of $200 or $250 are usually reserved for attorneys with <u>less</u> experience than Ms. Berke (and similarly Ms. Aliberti). *See e.g., , Luk v. ABNS NY Inc.*, 2021 WL 829417, at *5-6 (E.D.N.Y. Feb. 9, 2021) (awarding $250.00 per hour for associates with four to five years' experience and $200.00 per hour to associates with two years or less experience), *R&R adopted sub nom., Ying Ying Dai v. ABNS NY Inc.*, 2021 U.S. Dist. LEXIS 40349 (E.D.N.Y. Mar. 3, 2021); *Thompson v. Park*, 2020 U.S. Dist. LEXIS 160666 (E.D.N.Y. Sept. 1, 2020) (reducing to $200.00 the hourly rate of an associate who had been with the firm for five years).

Likewise, for Ms. Burns's hourly rate, Defendant offers little more than its own opinion that it is "difficult to fathom" that a reasonable paying client would be willing to pay $175 per hour for an unadmitted recent law school graduate and "difficult to imagine" that a reasonable client would be willing to pay $250 per hour for an attorney admitted only three months before trial. Defendant's proposal that Ms. Burns's fees be reduced to $100 and $175 respectively are again offered without substantive support.

### III. DEFENDANT'S ARBITRARY MARKUP OF PLAINTIFF'S BILLING RECORDS ARE CONCLUSORY, BIASED, AND OFFERED WITHOUT MERIT.

In its opposition, Defendant repeatedly attempts to undermine the work required to bring this matter to a verdict in an effort to portray the hours expended on this litigation as unreasonable. Specifically, Defendant states that "counsel alleges they somehow spent a whopping 639.7 hours on this matter" and "given this life of this case, and the limited tasks that have been involved, that is simply not possible." *Def's MOL*, Dkt. No. 119 at 11. Defendant blatantly ignores that the tasks associated have <u>not</u> been limited, due mostly in part to Defendant's inability to proffer an applicable and appropriate theory of defense at the outset. Amongst other tasks, the work required in this matter included: opposing two failed dispositive motions (each of which required extensive research to understand Defendant's misapplied defenses); preparation for two settlement conferences (despite Defendant stating there were no settlement conferences in this matter); three depositions; extensive paper discovery; two in-person pre-trial conferences; one post-trial hearing; multiple substantive letters to the Court; multiple rounds of revisions to the parties' pre-trial submissions; and a three-day trial. More egregious, however, is Defendant's misleading assertion that it "ultimately had to provide the theory of what constitutes separate versus joint employment for [Plaintiff]" when that theory was not, in fact, explicitly offered as a theory of defense in this matter. Rather, it was Defendant's reliance upon the professional and executive exemptions as a defense throughout this litigation (notably <u>not</u> the joint-employer test which Defendant now attempts to claim it proffered) which further complicated the drafting of pre-trial submissions, particularly as the theory was misapplied and was, in fact, ultimately dropped by Defendant a week before trial. Plaintiff firmly stands behind the hours expended on this case, which ultimately resulted in a successful jury verdict.

In an attempt to further reduce Plaintiff's requested attorneys' fees, Defendants offer a redlined markup of Plaintiff's billing records which does not demonstrate an objective assessment of

4

the time and effort necessary to achieve success in this litigation. In its markup, Defendant continually strikes tasks that were necessary, indiscriminately defining them as "duplicative" (when they are standalone entries, not duplicating previous work) or excessive, and repeatedly cuts arbitrary amounts of time off multiple entries, accusing Plaintiff of block billing for tasks that are decidedly **not** block billed.[3] Defendant offers no further explanation or support to substantiate these reductions and removals. In sum, Defendant's markup of Plaintiff's billing records should be given little credence, as it evinces an attempt by Defendant to arbitrarily reduce Plaintiff's fees without legal or logical support.

Plaintiff welcomes a close review of Plaintiff's billing entries by this Court. Should the court find that any of Plaintiff's billing entries are vague, unnecessary, or duplicitous, such a finding should reduce Plaintiff's attorneys' fees by **no more than 20%**, which is the usual practice of courts in this District. *See e.g. Bmaddox Enter. LLC v Oskouie,* 2023 US Dist LEXIS 2834 (SDNY Jan. 6, 2023) (finding that a reduction of 20% is appropriate to take account of "block-billing, internal communications, and administrative entries"); *Kirsch v. Fleet St. Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (affirming 20% fee reduction for vagueness and other deficiencies in attorney billing records); *Dickey v. Allied Interstate, Inc.*, No. 12-CV-9359 (RJS), 2013 U.S. Dist. LEXIS 116713, at *2 (S.D.N.Y. Aug. 1, 2013) (reducing total hours by 20% for excessive redundant internal consultations as well as overstaffing by multiple attorneys or overly qualified attorneys); *Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 476 (S.D.N.Y. 2009) (15% reduction appropriate based on attorney time billed while conducting clerical tasks, time billed to internal conversations, and excessive time billed drafting short letters to the court).

---

[3] By way of example, amongst Defendant's most extreme and illogical reductions are those made to Ms. Burns's entries in connection with Plaintiff's ten-page pre-trial letter to the Court wherein Defendant strikes a 3.00 time-entry on 2/07/2024 for research and drafting of the letter, and further reduces the 2/08/2024 time entry from 5.50 hours to 1.5 hours. Defendant also strikes much of the time that the Law Clerk's dedicated to this matter, once even reducing a 12/15/2023 entry for a draft 5-page *ex parte* letter (in advance of the 1/19/2024 settlement conference) from 4.00 to .3.

## CONCLUSION

For the reasons stated above, and in Plaintiff's Motion for Attorneys' Fees and Costs, the Court should grant Plaintiff's motion for attorney's fees in the amount of $227,581.50 and costs in the amount of $3,796.27.

Dated: New York, New York
       May 24, 2024

**BERKE-WEISS LAW PLLC**

By:   */s/ Alexandra Berke*
     Alexandra Berke, Esq.
     Mairead Kate Burns, Esq.
     150 East 52nd Street,
     Suite 21002
     New York, NY 10022
     (212) 888-2680
     alex@berkeweisslaw.com
     kate@berkeweisslaw.com

     *Attorneys for Plaintiff*
     *Kyndra Frazier*

TO:   **VIA ECF**
      Andrew Pisanelli, Esq.
      John J. Byrnes, Esq.
      Elizabeth Gorman, Esq.
      MILBER MAKRIS PLOUSADIS &
      SEIDEN, LLP
      1000 Woodbury Rd., Suite 402
      Woodbury, NY 11897
      Jbyrnes@milbermakris.com

      *Attorneys for Defendant*